## Smith v. Commonwealth of Pennsylvania, Dept. of Transportation

*David L. Asworth,* for plaintiff.
*Randall G. Gale,* for the Commonwealth.

PEREZOUS, *J.,* October 12, 1983—Before the court is the motion of plaintiffs, Charlene A. Smith and Charles Smith, to compel discovery in the nature of interrogatories addressed to defendant Commonwealth of Pennsylvania, Department of Transportation (PennDOT).

This legal action concerns an accident alleged to have been caused when the vehicle of defendant Thomas M. Musser slid on ice which had accumulated on state highway 462 in West Hempfield Township, Lancaster County, thereby colliding with plaintiffs' vehicle. PennDOT has been joined as a defendant on the basis that it may have been negligent in the construction, care, custody, control, and maintenance of the roadway, the surrounding area, and the traffic signs and devices. The interrogatory in question obviously relates to PennDOT's knowledge by means of notice of any peculiar dangers characteristic of the stretch of highway involved. Specifically, the interrogatory in question, interrogatory number 4, reads as follows:

"Please identify sufficiently for identification in a Request for Production of Documents and Things all accident reports whether reported by a municipal police department or a state police department, covering any and all accidents along the stretch of highway identified in Interrogatory 1 from and including 1975 until the present."

PennDOT in response contends that the information is privileged pursuant to 75 Pa.C.S.A. §3754.

Section 3754 provides:

"Accident Prevention Investigations

(a) General rule.—The department, in association with the Pennsylvania State Police, may con-

duct in-depth accident investigations into the human, vehicle and environmental aspects of traffic accidents for the purpose of determining the causes of traffic accidents and factors which may help prevent similar types of accidents.

(b) Confidentiality of Reports.—Information, records and reports associated with in-depth accident investigations shall not be permissible as evidence in any legal action or other proceeding, nor shall officers or employees or the agencies charged with the procurement or custody of in-depth accident investigation records and reports be required to give evidence pertaining to anything contained in such in-depth accident investigation records or reports in any legal action or other proceeding."

To better understand the overall scheme of this chapter of the vehicle code, it is necessary to set forth in addition those sections requiring submission of accident reports to PennDOT by investigating police departments and, in cases in which police did not investigate, the driver or owners of vehicles involved in an accident. Section 3747 concerns reports submitted by drivers or owners and provides in pertinent part:

"(a) General Rule.—If a police officer does not investigate an accident required to be investigated by Section 3746 (relating to immediate notice of accident to police department), the driver of a vehicle which is in any manner involved in the accident shall, within five days of the accident, forward a written report of the accident to the department.

• • •

(e) Confidentiality of Reports.—All written reports required in this section to be forwarded to the department by drivers or owners of vehicles involved in accidents shall be without prejudice to the individual so reporting and shall be for the confiden-

tial use of the department or any other governmental agency or their representatives having use for the records for accident prevention purposes, except that the department shall disclose the identity of a person involved in an accident when the identity is not otherwise known or.when the person denies his presence at the accident and shall disclose whether any person or vehicle was covered by a vehicle insurance policy and the name of the insurer."

Section 3751 concerns reports submitted to PennDOT by police and provides:

"(a) General Rule.—Every police department that investigates a vehicle accident for which a report must be made as required in this subchapter, or otherwise prepares the written report as a result of an investigation either at the time and at the scene of the accident or thereafter by interviewing the participants or witnesses, shall promptly forward a written report of the accident to the department.

(b) Furnishing Copies of Report.—Police departments shall, upon request, furnish at a cost not to exceed five dollars a certified copy of the full report of the police investigation of any vehicle accident to any person involved in the accident, his attorney or insurer, and to the Federal Government, branches of the military service, Commonwealth agencies, and to officials of political subdivisions and to agencies of other states and nations and their political subdivisions. The copy of the report shall not be admissible as evidence in any action for damages or criminal proceedings arising out of a motor vehicle accident. Police departments may refuse to furnish the complete copy of investigation of a vehicle accident whenever there are criminal charges pending against any persons involved in the vehicle accident unless the Pennsylvania Rules of Criminal

Procedure require the production of the documents."

The question in issue has yet to be addressed by our appellate courts. It has, however, been addressed by courts in at least four of our counties, with a conflict of results. See Simon v. Allegheny County, 23 D.&C. 3d 360 (1982) and Lindsey v. PennDOT, 23 D.&C. 3d 202 (1982), (both of which would permit discovery of accident reports submitted to PennDOT by police) and Mayfield v. PennDOT, 23 D.&C. 3d 79 (1982) and Meithner v. Ulrich, 20 Leb. Cty. L.J. 193 (1983) (both of which would deny discovery of police accident reports).

For reasons appearing below, the court is of the opinion that the decisions in Simon, supra, and Lindsey, supra, express the better view and concludes that PennDOT, at least, possesses no statutory privilege with respect to accident reports submitted to it by police.

Section 3754, the section relied upon by PennDOT here, can reasonably be read to provide confidentiality only to reports prepared by PennDOT in connection with in-depth investigations and not to the reports submitted to PennDOT. See Simon, id., at 365. Section 3753 requires PennDOT to use accident reports which police departments, owners of vehicles, or drivers of vehicles submit to it to obtain data for analysis in selecting accident prevention programs and in evaluating those programs but does not provide for the protection of that data. See Simon, id., at 364.

One item all courts agree upon is that the rationale underlying the confidentiality of these reports is to encourage truthfulness. The "truthfulness" encouraged is that of persons involved in the accidents. This conclusion is no less accurate with respect to reports prepared by police than it is with

respect to reports prepared by the participants of accidents themselves since the police in preparing reports must base their knowledge solely on statements of the participants, unless, of course, the police witnessed the accident.

To the extent the statutory language may connote a broader range of confidentiality of these types of reports, we must note as did the court in Lindsey, supra, at 206, that at the time the relevant sections of the Vehicle Code were enacted, June 17, 1976, PennDOT and all other governmental agencies and subdivisions enjoyed complete protection from tort liability by means of the doctrine of sovereign immunity. Accordingly, one gauging the legislative intent of the relevant statutory section must acknowledge that the legislature could not have specifically intended the enunciated privilege to attach to a class of legal actions not yet in existence.

It is axiomatic that a privilege belongs to a person whose interest it was designed to protect, and it is that person only who may invoke the privilege. The Court finds that the confidentiality expressed in the relevant statutory privileges was intended to protect persons involved in traffic accidents by insuring that their statements could not be used against them in legal actions growing out of the accidents, and thereby to provide PennDOT with accurate and truthful reports. Permitting discovery of these reports in actions against PennDOT will in no way undermine the policy of the statutory provisions. The reports will not be used in cases involving those whose statements may have formed the basis for preparation of the reports. Neither will they be used in cases involving the accidents reported.

As a final matter, the court must address PennDOT's request to certify this matter for immediate appeal should plaintiff's discovery request be

granted. Section 702(b) of title 42 Pa.C.S.A. allows the court to certify a case for appeal on an interlocutory order when the court is of the opinion that "such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter . . .

The court cannot characterize the issue in question here as a controlling question of law, and, even if it were, immediate appeal, in the court's opinion, will not materially advance the ultimate termination of the matter.

In view of the foregoing, we enter the following

## ORDER

And now, this October 12, 1983, for reasons set forth in the attached opinion, plaintiffs' motion to compel discovery addressed to defendant Commonwealth of Pennsylvania, Department of Transportation is hereby granted.

Defendant PennDOT is hereby directed to provide a full and complete answer to plaintiffs' Interrogatory No. 4 within 20 days of service of this order.